SAVOY, Judge.
This is an action in tort filed by plaintiff against defendants, Maurice Cormier, the father and administrator of the estate of his minor son, Earl Cormier, and The Insurance Company of the State of Pennsylvania, the insurer of the vehicle owned by Wesley Leblanc, but being driven by Earl Cormier.
For a cause of action, plaintiff alleges that at about 11:00 P.M. on the night of December 10, 1960, he was a guest in the Jeep which was located on the west shoulder of the highway in the Parish of St. Martin; that while plaintiff, a mechanic, was repairing the vehicle which had broken down, he saw a vehicle driven by one Earl Cormier approach him; that plaintiff told his brother, who was in said Jeep, to dim the lights, which was done; that plaintiff, realizing that the automobile driven by the said Earl Cormier would collide with the Jeep, ran to the rear of the Jeep and attempted to swing clear of the impending collision by use of a pipe rack; that shortly thereafter the car driven by Earl Cormier struck the Jeep and also struck plaintiff, whereupon he was thrown to the ground by the impact. Plaintiff alleges further that as a result of said accident, he suffered injuries to his back and legs. Plaintiff also alleges that the sole and proximate cause of the accident was the negligence and imprudent actions of the minor, Earl Cormier, son of one of the defendants, Maurice Cormier, in the following particulars:
“(1) Driving at an excessive rate of speed;
“(2) Failing to see what he should have seen in order to avoid striking the parked vehicle and petitioner;
“(3) Failing to maneuver his automobile in such a way that he could have avoided the accident after he saw or should have seen a collision with the parked vehicle was imminent;
“(4) In otherwise doing what he should not have done or in not doing what he should have done to avoid said collision.”
Defendants filed a general denial, and further answering plaintiff’s suit, stated that the Jeep in the instant case was parked on a portion of the highway with its bright lights on and that the said Earl Cormier, driver of the Leblanc car, signaled to the driver of the Jeep to dim his lights, to no avail; that the said Earl Cormier slowed his vehicle to approximately ten or fifteen miles per hour and proceeded to pass the said Jeep. Defendants pled in the alternative that in the event the court should find that an accident did occur between the car driven by Earl Cormier and the Jeep, that the said Jeep was illegally parked on said highway with its bright lights burning, and that plaintiff, who was allegedly injured because of the accident, was negligent in standing in said road without attempting to avoid being struck by the car driven by Cormier. Defendants also pled, as an alternative defense, that plaintiff was con-tributorily negligent in attempting to repair the Jeep when it was illegally parked on *250 said highway with its bright lights burning; and, also in failing to take any steps whatsoever to protect himself from the traffic travelling on said highway; and, that any injuries which he alleges to have received, which defendants specifically denied, are due to his own carelessness and negligence in being on said highway in a position of danger.
After a lengthy trial on the merits, the trial judge, in a written opinion, after analyzing in detail the testimony of the witnesses, lay and medical, stated that he did not believe that plaintiff was struck by the car driven by Cormier; that he possibly turned away from the on-coming car and slipped or fell in the road; that shortly after the alleged accident, plaintiff stated that he was not hurt, did not go to the hospital, did not see a doctor until six (6) days after the alleged accident; and, that he was of the further opinion that the back trouble of plaintiff was degenerative and of long standing and was not occasioned by the fall which plaintiff alleged occurred on the night involved in the instant case. From this judgment plaintiff has appealed to this Court.
In his brief and in oral argument, counsel for plaintiff admits that only a question of fact is involved in the instant case.
The record reveals that on the afternoon of December 10, 1959, plaintiff, a brother, Louis Guidry, R. B. White, Bill Hardin, and Wilbur O. Farris, went hunting in a Jeep owned by the said Louis Guidry. On the return trip, the Jeep broke down, and plaintiff, who is a mechanic, attempted to repair the said vehicle. A portion of the Jeep was parked on the shoulder of the highway, and a portion was on the highway. Plaintiff completed his work on the vehicle, and as he turned to his left to latch down the hood, he saw the car being driven by Earl Cormier coming directly toward the Jeep. He then went to the back of the Jeep and caught the ladder rack of the Jeep.
There is apparently no conflict in the evidence up to this point. Plaintiff states that he was struck in the back by the car driven by Earl Cormier.
Plaintiff’s brother, Louis Guidry, Bill Hardin, R. B. White and Wilbur O. Farris testified on behalf of the plaintiff. Their testimony is that they were all on a hunting party with plaintiff. A careful reading of the testimony of each witness does not convince this Court that any of the witnesses actually saw the car driven by Earl Cormier hit the Jeep or the plaintiff. There is no physical evidence in the record that any damage was done to the Leblanc vehicle driven by Earl Cormier or to the Jeep on the night in question.
Earl Cormier and the occupants of the Wesley Leblanc car which he was driving, Susan Leblanc and her mother, Mrs. Wesley Leblanc, testified that no collision had occurred; that they were coming home from a dance and as they approached the Jeep, its bright lights were on; that the said Earl Cormier dimmed his lights, but the driver of the Jeep did not dim his lights; that he slowed his vehicle down and went on the shoulder of the highway and went by the Jeep without striking it.
After reviewing all of the evidence in the instant case, we are of the opinion that a collision did not occur between the Leblanc car, which was being driven by Earl Cormier, and the Jeep; and, that the car driven by Earl Cormier did not strike the plaintiff.
Having determined that there was no accident, it is unnecessary to discuss the medical testimony in the instant case.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.